**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES VAGLICA and LESLIE VAGLICA,

    Plaintiff,

v.

SPEEDWAY LLC d/b/a RICH OIL,

    Defendant.

Case No. 1:22-cv-391

Hon.

| | |
|---|---|
| Thomas W. Waun (P34224) <br> Jonathan M. Hartman (P58060) <br> Attorneys for Plaintiffs <br> Capitol Theater Building <br> 140 E. 2nd St., Suite 201 <br> Flint, Michigan 48502 <br> (810) 695-6100 <br> twaun@venjohnsonlaw.com <br> jhartman@venjohnsonlaw.com | MILLER, CANFIELD, PADDOCK <br>    and STONE, P.L.C. <br> Amy M. Johnston (P51272) <br> Stephen M. Ragatzki (P81952) <br> Attorneys for Defendant Speedway LLC <br> 150 West Jefferson, Suite 2500 <br> Detroit, Michigan 48226 <br> (313) 963-6420 <br> johnston@millercanfield.com <br> ragatzki@millercanfield.com |

## DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL

Defendant Speedway LLC ("Speedway"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Circuit Court for the County of Kent, State of Michigan (Case No. 22-02677-NO) to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, Speedway states as follows:

1.    An action has been commenced against Speedway in the Circuit Court for the County of Kent, State of Michigan, entitled *James Vaglica and Leslie Vaglica v. Speedway LLC d/b/a Rich Oil*, Case No. 22-02677-NO. Copies of the Summons and Complaint, and all pleadings filed are attached as Exhibit A.

2. Speedway was served with copies of the Summons and Complaint via certified mail through its registered agent on April 4, 2022. This Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

3. In their Complaint, Plaintiffs allege that Plaintiff James Vaglica suffered bodily injury, including neck, back and spinal pain, and other associated injury at a Speedway gas station and convenience store. Plaintiffs further allege that Plaintiff Leslie Vaglica suffered damages including loss of consortium, society, and companionship. Plaintiffs seek damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, Complaint at 5.

### Grounds for Removal

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5. The United States District Court for the Western District of Michigan, Southern Division, has original jurisdiction because this is an action (a) where the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (b) between citizens of different states.

6. Plaintiffs allege in their Complaint that they are residents of Kent County, Michigan. Ex. A, ¶ 1. Publicly available information shows that Plaintiff James Vaglica is a registered voter in Michigan and therefore, is a citizen of Michigan. Publicly available information also shows that Plaintiff Leslie Vaglica has a Michigan driver's license and therefore, is a citizen

of Michigan.  *See* Westlaw Records Search attached at Exhibit B.  Thus, Plaintiffs are citizens of Michigan.

7. Speedway is a Delaware limited liability company with a sole member, SEI Speedway Holdings, LLC.  SEI Speedway Holdings, LLC is a Delaware limited liability company with a solve member, 7-Eleven, Inc.  7-Eleven, Inc. is a Texas corporation with its principal place of business in Texas.  *See* the State of Delaware Division of Corporations confirmation pages for Speedway and SEI Holdings, LLC; and the State of Texas Office of the Comptroller status page for 7-Eleven, Inc., cumulatively attached as Exhibit C.  Thus, Speedway is a citizen of the state of Texas.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (an unincorporated entity, like an LLC, "has the citizenship of each of its members.").

8. There is complete diversity of citizenship between the parties because Plaintiffs are citizens of Michigan and Defendant Speedway is a citizen of Texas.

9. Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiffs' Complaint and pertinent jury verdict and settlement research.

10. Plaintiffs seek damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court.  Ex. A, Prayer for Relief.  A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000.  *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572–73 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding

the amount prayed for") (citations omitted)).  Indeed, the Michigan court rules permit recovery in excess of the amount demanded in Plaintiff's pleadings.  *See* M.C.R. 2.601(A).

11. Plaintiffs allege that while Plaintiff James Vaglica was "holding the exterior handle of the ingress/egress door," a Speedway employee "unexpectedly and without warning pulled on the inside handle of the door, causing JAMES VAGLICA's arm and body to extend awkwardly, causing immediate neck, shoulder, back and spinal pain, and other associated injury." Ex. A, ¶ 13.  Plaintiff James Vaglica alleges that he suffered "injury to his neck, requiring cervical spinal surgery;" "injury to his shoulder(s) and spine, and associated numbness and tingling in the upper extremities;" "excruciating headaches;" and "other injury identified during discovery." Ex. A, ¶ 19.  Plaintiff Leslie Vaglica alleged that she suffered injuries, including "loss of consortium, society, and companionship of her husband." Ex. A, ¶ 21.  These allegations of injuries reflect a likelihood that this controversy involves claims exceeding $75,000.

12. Jury verdicts and settlements from similar alleged injuries reveal that if liability is proven, damages are likely to exceed $75,000.  Please refer to the following results, cumulatively attached as Exhibit D: *Poprafski v. Z. Wolf; C. Wolf*, Case No. 2013-137362-NI, JVR No. 1505130044 (Mich. Cir. Ct. 2015) ($507,333 verdict for collision resulting in spinal nerve damage, chronic numbness, tingling, and headaches); *Richards v. City of Detroit*, No. 08-114666-NO, 2010 WL 3707406 (Mich. Cir. Ct. 2010) ($160,000 settlement for injuries to "lumbar spine, cervical spine, head and knees" following slip and fall); *Gerald and Mary Bassett v. Ronald Bailey*, No. 91-5476-NI, 1993 WL 819564 (Mich. Cir. Ct. 1993) ($375,000 verdict for injuries, including ruptured disc in cervical spine).

13. Based on the injuries and damages alleged in the initial pleadings and pertinent jury verdict and settlement research revealing awards in excess of $75,000 for similar injuries as those

alleged, the present action satisfies the necessary requirements of amount in controversy for removal to this Court.

## Procedural Requirements for Removal

14. Speedway has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

   a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Kent County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

   b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the receipt of the Summons and Complaint. Speedway is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

   c. In accordance with 28 U.S.C. § 1446(d), Speedway will promptly notify Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway will, on the day of filing of this Notice of Removal, submit for filing a copy of the same with the court clerk of the Kent County Circuit Court.

15. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

16. In removing this action, Speedway specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for the County of Kent, State of Michigan to the United States District Court for the Western District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

        Respectfully submitted,

        Miller, Canfield, Paddock and Stone, P.L.C.

        By: /s/Amy M. Johnston
        Amy M. Johnston (P51272)
        Stephen M. Ragatzki (P81952)
        150 W. Jefferson Avenue, Suite 2500
        Detroit, MI 48226
        (313) 963-6420
        johnston@millercanfield.com
        *Attorneys for Defendant*

Dated:  May 2, 2022

38985223.2/135532.00112